# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

In the Matter of the Care and Treatment of Richard
Ridley, Appellant.

Appellate Case No. 2018-000527

———————

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

———————

Opinion No. 5810
Heard November 10, 2020 – Filed March 17, 2021

———————

## AFFIRMED

———————

Arthur Kerr Aiken, of Aiken & Hightower, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Deborah R.J. Shupe,
both of Columbia, for Respondent.

———————

**WILLIAMS, J.:**  Richard Ridley appeals his commitment to the South Carolina
Department of Mental Health (the Department) as a sexually violent predator
(SVP).  On appeal, Ridley argues the trial court erred in admitting expert testimony
regarding his diagnosis of Other Specified Paraphilic Disorder –
Biastophilia/Non-Consent (OSPD – Biastophilia/Non-Consent).  We affirm.

## FACTS/PROCEDURAL HISTORY

In 2002, Ridley pled guilty to assault and battery of a high and aggravated nature
(ABHAN), third degree criminal sexual conduct (CSC), and failure to register as a
sex offender.  Prior to his release in 2014, the State filed a petition for Ridley's

civil commitment to the Department pursuant to the Sexually Violent Predator Act[1] (the Act).  The trial court appointed an evaluator who diagnosed Ridley with OSPD – Biastophilia/Non-Consent and Antisocial Personality Disorder (APD) with Narcissistic Traits and recommended commitment.  Thereafter, Ridley voluntarily committed to the Department for treatment pursuant to the Act.

As required by the Act, the Department evaluated Ridley's mental status in 2015, 2016, and 2017 and determined each time that Ridley required further commitment.  In 2017, Ridley petitioned for release against the Department's recommendation, and the circuit court held a trial.

During a pretrial hearing, Ridley made a motion in limine to exclude expert testimony regarding his diagnosis of OSPD – Biastophilia/Non-Consent, arguing the diagnosis was not scientifically reliable and was, therefore, insufficient to qualify as a predicate diagnosis under the Act.[2]  The State proffered testimony from Dr. Gordon Edward Brown, Jr., an actuarial measures forensic psychologist for the Department.  Following the proffered testimony and arguments by the parties, the trial court denied Ridley's motion and permitted Dr. Brown to provide expert testimony regarding the diagnosis before the jury.

During trial, the court qualified Dr. Brown as an expert in forensic psychology, and he provided testimony summarizing his evaluation of Ridley and opining that Ridley suffered from OSPD – Biastophilia/Non-Consent and APD with Narcissistic Traits.  Ridley presented expert testimony from Dr. Selman Watson, a forensic psychologist, who opined that OSPD – Biastophilia/Non-Consent was not a valid diagnosis for the purposes of commitment under the Act.

At the close of trial, the jury found beyond a reasonable doubt that Ridley still posed a danger to society.[3]  The trial court subsequently filed an order of continued commitment.  This appeal followed.

**ISSUE ON APPEAL**

[1] S.C. Code Ann. §§44-48-10 to -170 (2018).
[2] Ridley did not challenge his diagnosis of APD with Narcissistic Traits at trial and does not challenge the diagnosis on appeal.
[3] *See* § 44-48-120(B) ("The burden of proof is upon the [State] to show beyond a reasonable doubt that the petitioner's mental abnormality or personality disorder remains such that the petitioner is not safe to be at large and, that if released, is likely to commit acts of sexual violence.").

Did the trial court err in admitting Dr. Brown's expert testimony?

**STANDARD OF REVIEW**

"A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion." *State v. Prather*, 429 S.C. 583, 598, 840 S.E.2d 551, 559 (2020) (quoting *State v. Chavis*, 412 S.C. 101, 106, 771 S.E.2d 336, 338 (2015)). "A trial court's ruling on the admissibility of expert testimony constitutes an abuse of discretion whe[n] the ruling is unsupported by the evidence or controlled by an error of law." *State v. Jones*, 423 S.C. 631, 636, 817 S.E.2d 268, 270 (2018).

**LAW/ANALYSIS**

Ridley argues the trial court erred in admitting Dr. Brown's expert testimony regarding his diagnosis of Ridley with OSPD – Biastophilia/Non-Consent. We disagree.

Pursuant to the Act, an individual is considered an SVP if (1) he "has been convicted of a sexually violent offense" and (2) "suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." § 44-48-30(1). Ridley asserts Dr. Brown's testimony was improper because OSPD – Biastophilia/Non-Consent is scientifically unreliable and thus cannot serve as a predicate diagnosis under the Act.

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Rule 702, SCRE. "Before admitting expert testimony, a trial court must qualify the expert and determine whether the subject matter of the expert's proposed testimony is reliable, as required by Rule 702, SCRE." *Prather*, 429 S.C. at 599, 840 S.E.2d at 559. "The trial [court] should apply the *Jones*[4] factors to determine reliability." *State v. Council*, 335 S.C. 1, 20, 515 S.E.2d 508, 518 (1999).

The *Jones* reliability factors take into consideration:

---

[4] *State v. Jones*, 273 S.C. 723, 259 S.E.2d 120 (1979).

(1) the publications and peer reviews of the technique;
(2) prior application of the method to the type of evidence involved in the case;
(3) the quality control procedures used to ensure reliability; and
(4) the consistency of the method with recognized scientific laws and procedures.

*State v. Jones*, 343 S.C. 562, 573, 541 S.E.2d 813, 819 (2001). "Once the evidence is admitted under these standards, the jury may give it such weight as it deems appropriate." *Council*, 335 S.C. at 20–21, 515 S.E.2d at 518.

During the pretrial hearing, the parties stipulated Dr. Brown's expert qualifications, and the State proffered his testimony for the trial court to perform its gatekeeping duties. Dr. Brown testified he evaluated Ridley for his annual review in 2017. In performing his evaluation, Dr. Brown testified he conducted a series of clinical interviews of Ridley and thoroughly reviewed Ridley's records, including his criminal records, prior evaluations, and treatment records. Dr. Brown confirmed the records he reviewed were those typically and reasonably relied upon by other experts in his field. Dr. Brown testified that after conducting the annual review, he diagnosed Ridley with two diagnoses: OSPD – Biastophilia/Non-Consent and APD with Narcissistic Traits. Dr. Brown explained that in diagnosing Ridley, he used the fifth edition of the Diagnostic Manual of Mental Disorders (DSM-V), which is the official, peer reviewed publication of the American Psychiatric Association.

In its chapter on paraphilic disorders, the DSM-V lists eight specific paraphilic disorders but also includes two additional categories: other specified paraphilic disorders (OSPD) and unspecified paraphilic disorders. *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 685–705 (5th ed. 2013).[5] In the introduction of the chapter, it states:

> The eight listed disorders *do not exhaust the list of possible paraphilic disorders*. Many dozens of distinct paraphilias have been identified and named, and almost any of them could, by virtue of its negative consequences for the individual or for others, rise to the level of a

---

[5] The DSM-V replaced the previous designation of Not Otherwise Specified (NOS) in the DSM-IV with other specified disorder and unspecified disorder. *See Diagnostic and Statistical Manual of Mental Disorders* at 15–16.

paraphilic disorder. *The diagnoses of other specified and unspecified paraphilic disorders are therefore indispensable and will be required in many cases.*

*Id.* at 685 (emphases added). The DSM-V specifically describes OSPD as follows:

This category applies to presentations in which symptoms characteristic of a paraphilic disorder that cause clinically significant distress or impairment in social, occupational, or other important areas of functioning predominate but do not meet the full criteria for any of the disorders in the paraphilic disorders diagnostic class. The [OSPD] category is used in situations in which the clinician chooses to communicate the specific reason that the presentation does not meet the criteria for any specified paraphilic disorder. This is done by recording "other specified paraphilic disorder" followed by the specific reason (e.g., "zoophilia").

Examples of presentations that can be specified using the [OSPD] designation include, *but are not limited to*, recurrent and intense sexual arousal involving telephone scatologia (obscene phone calls), necrophilia (corpses), zoophilia (animals), coprophilia (feces) klismaphilia (enemas), or urophilia (urine) . . . .

*Id.* at 705 (emphasis added).

Dr. Brown explained Biastophilia is when a person is "sexually aroused by the aspect of having nonconsensual sex with someone." He acknowledged that OSPD – Biastophilia/Non-Consent is not specifically listed as one of the OSPD examples in the DSM-V but maintained his belief that the diagnosis was valid and reliable because the DSM-V instructed that the list of examples was not exhaustive. Dr. Brown further testified biastophilia is a recognized modifier for personality disorders and mental abnormalities in his field. On cross-examination, Dr. Brown admitted there is debate within the psychological profession as to whether OSPD – Biastophilia/Non-Consent should be considered a valid predicate diagnosis under the Act because rape is considered a criminal act of control rather than the result of a mental abnormality or disorder; however, he maintained his belief that it was a valid and reliable diagnosis. He further stated practitioners, for that reason, should

exercise caution in making the diagnosis and admitted it was his first time using it. Following the proffer, the trial court denied Ridley's motion, finding the disagreement within the field regarding the diagnosis did not render it scientifically unreliable for the purpose of serving as a predicate diagnosis under the Act.

We hold the trial court did not abuse its discretion in admitting Dr. Brown's testimony. *See Prather*, 429 S.C. at 598, 840 S.E.2d at 559 ("A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion." (quoting *Chavis*, 412 S.C. at 106, 771 S.E.2d at 338)). Although a contentious issue, we find the trial court properly dispensed of its gatekeeping duties in assessing the reliability of Dr. Brown's diagnosis. *See id.* at 599, 840 S.E.2d at 559 ("Before admitting expert testimony, a trial court must qualify the expert and determine whether the subject matter of the expert's proposed testimony is reliable, as required by Rule 702, SCRE."). Dr. Brown testified as to his method in diagnosing Ridley, which included standard practices within the industry such as conducting clinical interviews; thoroughly reviewing criminal, evaluation, and treatment records; and consulting the DSM-V. Accordingly, we find Dr. Brown's approach in diagnosing Ridley met the threshold of reliability for admissible evidence. *See State v. White*, 382 S.C. 265, 270, 676 S.E.2d 684, 686 (2009) ("All expert testimony must satisfy the Rule 702 criteria, and that includes the trial court's gatekeeping function in ensuring the proposed expert testimony meets a reliability threshold for the jury's ultimate consideration."); *Council*, 335 S.C. at 20, 515 S.E.2d at 518 ("The trial [court] should apply the *Jones* factors to determine reliability.").

As to whether OSPD – Biastophilia/Non-Consent is a valid predicate diagnosis under the Act, we hold the trial court properly found this was a determination within the jury's province. *See Jones*, 423 S.C. at 639–40, 817 S.E.2d at 272 ("There is always a possibility that an expert witness's opinions are incorrect. However, whether to accept the expert's opinions or not is a matter for the jury to decide. Trial courts are tasked only with determining whether the basis for the expert's opinion is sufficiently reliable such that it [may be] offered into evidence."); *see also Council*, 335 S.C. at 21–22, 515 S.E.2d at 519 ("This [c]ourt has noted that 'vigorous cross examination, presentation of contrary evidence and careful instructions on the burden of proof are the traditional appropriate means of attacking shaky but admissible evidence.'" (quoting *State v. Dinkins*, 319 S.C. 415, 418, 462 S.E.2d 59, 60 (1995))). Furthermore, as it currently stands, we find the Act and the DSM-V do not expressly prohibit a diagnosis of OSPD – Biastophilia/Non-Consent. *See McGee v. Bartow*, 593 F.3d 556, 576 (7th Cir. 2010) ("The Supreme Court's cases on this point teach that civil commitment upon

a finding of a 'mental disorder' does not violate due process even though the predicate diagnosis is not found within the four corners of the DSM."); *see also In re Snow*, 425 S.C. 544, 549, 551, 823 S.E.2d 467, 469–71 (2019) (holding the diagnosis of other specified personality disorder was a legally sufficient predicate diagnosis under the Act).  Therefore, we hold the trial court did not err in denying Ridley's motion in limine and admitting Dr. Brown's testimony.

**CONCLUSION**

Based on the foregoing, Ridley's commitment is

**AFFIRMED.**

**HUFF and GEATHERS, JJ., concur.**